IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:08-cr-00869-TLW-1 |
| v. | **Order** |
| Darrin Marcus Davis | |

This matter is before the Court on filings submitted by Defendant Darrin Marcus Davis requesting that the Court "vacate [his] present twelve (12) month imprisonment term and order [his] release based on neglect and discrimination toward [himself] from various staff members and departments within the Federal Bureau of Prisons," ECF No. 259 at 1, and an "order that [he] undergo a mental health evaluation to be assessed for dangerousness so that [he] can be prescribed the appropriate medication," ECF No. 258 at 2.

Defendant has a lengthy history before this Court. After he pled guilty to charges of Hobbs Act robbery and use of a firearm in furtherance of a crime of violence, the Court granted the Government's motion for a downward departure pursuant to § 5K1.1 and sentenced him to a total of 86 months incarceration, followed by 5 years of supervised release. *See* ECF Nos. 75, 80. The Court later reduced his total incarceration term to 72 months after granting the Government's motion pursuant to Rule 35(b). ECF Nos. 85, 100.

On October 27, 2014, less than a year after Defendant completed his sentence and was released to supervision, the Court revoked his supervised release and imposed a sentence of 6 months incarceration, followed by 2 years of supervised

1

release. ECF No. 158.

On October 14, 2015, again less than a year after he completed his revocation sentence and was released to his new term of supervision, the Court revoked his supervised release and imposed a sentence of 8 months incarceration, followed by 18 months of supervised release. ECF No. 199.

On February 8, 2017, once again less than a year after he completed his revocation sentence and was released to his new term of supervision, the Court revoked his supervised release and imposed a sentence of 15 months incarceration, followed by 12 months of a supervised release. ECF No. 223.

Finally, on October 30, 2018, yet again less than a year after he completed his revocation sentence and was released to his new term of supervision, the Court revoked his supervised release and imposed a sentence of 12 months incarceration, but this time with no supervised release to follow. ECF No. 257. He is now incarceration on that revocation sentence, and according to the BOP website, he is currently scheduled to be released on September 22, 2019.

Having explained Defendant's history before this Court, the Court now turns to his pending motions, the essence of which is that that he seeks his immediate release from custody and to receive a mental health evaluation. Neither motion has merit.

As to Defendant's motion to vacate his sentence, a district court's authority to modify a sentence once it has become final is restricted by statute. *See* 18 U.S.C. § 3582(c); 28 U.S.C. § 2255(a). Section 3582(c) provides that a "court may not modify

a term of imprisonment once it has been imposed," except in very limited circumstances.[1] Similarly, under § 2255, a sentence can only be vacated, set aside, or corrected if it "was imposed in violation of the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Except for these limited circumstances, the authority to modify a sentence that has become final rests solely with the President. *See* U.S. Const. art. II, § 2, cl. 1 ("The President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."). None of the above circumstances are present in this case. Accordingly, Defendant's motion, ECF No. 259, is **DENIED**.

As to Defendant's motion regarding a mental health evaluation, the Court's revocation judgment directed the BOP to evaluate him for mental health treatment and a drug treatment program, ECF No. 257 at 2, and a document Defendant filed with his motion indicates that the Court's directive is being followed by the warden at Defendant's institution, ECF No. 258-1 at 3. Accordingly, as he is receiving treatment, he is not entitled to relief on this motion, ECF No. 258, and it is therefore

---

[1] Specifically, under § 3582(c)(1)(A) and upon motion by the Director of the Bureau of Prisons, a court may reduce a defendant's sentence (i) if there are "extraordinary and compelling reasons" to do so; or (ii) if "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and "is not a danger to the safety of any other person or the community . . . ." Additionally, under § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 . . . ." Finally, under § 3582(c)(2), the court may reduce a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

3

**DENIED.**

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 4, 2019
Columbia, South Carolina